1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   MICHAEL A. SCHOLES,                    CASE NO. 1:08-cv-1489 DLB PC

10                    Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING DEFENDANTS' MOTION
11        v.                              TO DISMISS FOR FAILURE TO EXHAUST
                                          BE DENIED
12   ROD HIGMAN, et al.,
                                          (Doc. 19)
13                    Defendants.
                                          OBJECTION DUE WITHIN THIRTY DAYS
14
                                          ANSWER TO AMENDED COMPLAINT DUE
15                                        WITHIN THIRTY DAYS

16   _____/

17        **Findings and Recommendations on Defendants' Motion to Dismiss**

18   **I.    Procedural History**

19        Plaintiff Michael A. Scholes ("Plaintiff") is a former state prisoner proceeding pro se and in

20   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

21   March 21, 2008.  This action is proceeding on Plaintiff's amended complaint, filed May 21, 2008,

22   against Defendants Rod Higman, Robin Dezember, Ken Clark, and Perlita McGuiness

23   ("Defendants").  On October 19, 2008, defendants Higman, Dezember, and Clark filed a motion to

24   dismiss for failure to exhaust the available administrative remedies.  (Doc. 19.)  Defendant

25   McGuiness joined the motion to dismiss on October 24, 2008. (Doc. 21).  Plaintiff filed an

26   opposition on November 7, 2008, and Defendants filed a reply on November 12, 2008.  (Docs. 22,

27   23.)

28   ///

1

1  **II.   Exhaustion Requirement**

2          Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

3  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

4  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

5  as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the

6  available administrative remedies prior to filing suit.  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007);

7  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless

8  of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v.

9  Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all

10  prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

11          Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

12  defense under which Defendant has the burden of raising and proving the absence of exhaustion.

13  Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

14  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an

15  unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119

16  (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998)

17  (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the

18  Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-

19  20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper

20  remedy is dismissal without prejudice.  Id.

21  **III.   Defendants' Motion**

22          The California Department of Corrections and Rehabilitation has an administrative grievance

23  system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated

24  by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including

25  the informal level, first formal level, second formal level, and third formal level, also known as the

26  "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the

27  event being appealed, and the process is initiated by submission of the appeal to the informal level,

28  or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  CDCR also has a

process which allows inmates with disabilities to request a reasonable modification or accommodation by submitting a CDC Form 1824. Id. at § 3085(a). Inmates may appeal any decision they are dissatisfied with by attaching the 1824 form to a 602 appeal form and submitting it to the second formal level of review. Id. § at 3085(b). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

This action is proceeding on Plaintiff's allegations that he was denied medical treatment and accommodation after sustaining a tibial fracture to his right leg on March 23, 2006, while housed at California Substance Abuse and Treatment Facility ("CSATF"). Plaintiff alleges that he was also denied treatment in retaliation for seeking intervention by members of the California Legislature. Plaintiff alleges that he was provided with a single x-ray on or about April 5, 2006. On April 10, 2006, Plaintiff was released from custody. Plaintiff alleges violations of his First, Eighth and Fourteenth Amendment rights.

Defendants argue that Plaintiff never filed an inmate appeal concerning the allegations contained in the complaint. The events giving rise to this action began on March 23, 2006, and Defendants have submitted evidence that the last inmate appeal by Plaintiff was filed and accepted for review on March 14, 2006. (Doc. 19, Hall Decl., ¶4).

In his opposition, Plaintiff argues that Defendants have misapplied 42 U.S.C. §1997e(a) in that the section does not apply to persons who have been released from confinement. Plaintiff further argues that Defendants fail to establish that there was an appeal procedure for parolees who discover their injuries after being released, and that there were no administrative remedies available to him. Plaintiff further argues that Defendants used their position of superiority to prevent the Plaintiff from initiating his appeal processes before his release. Finally, Plaintiff argues that the motion is completely frivolous.

In reply, Defendants argue that Plaintiff's argument that he was not a prisoner at the time of filing suit does not recognize the "purpose, reach and applicability" of the PLRA as discussed by the Supreme Court in Booth v. Churner, 532 U.S. 731 (2001) and Porter v. Nussle, 534 U.S. 516 (2002).

1   Defendants further argue that administrative remedies were available to Plaintiff as a parolee.

2       Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions

3   under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

4   other correctional facility until such administrative remedies as are available are exhausted." 42

5   U.S.C. § 1997e(a). "'[P]risoner' means any person incarcerated or detained in any facility who is

6   accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or

7   the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C.

8   § 1997e(h).

9       "[I]f the language of a statute is clear, we look no further than that language in determining

10  the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to

11  absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197

12  (9th Cir. 1996) (internal quotations and citations omitted). Here, it is clear that the section 1997e(a)

13  exhaustion requirement applies to suits brought by "any person incarcerated or detained". Plaintiff

14  filed this lawsuit after he was released from incarceration. The Court rejects Defendants' assertion

15  that it should look to the traditional principles of administrative exhaustion in order to extend the

16  application of the PLRA to capture persons who are released on parole. In Booth, the Supreme Court

17  held that exhaustion was mandatory even if the prisoner was seeking money damages or other relief

18  not available through the administrative process. In Porter, the Supreme Court held that section

19  1997e(a) was enacted to reduce the quantity of inmate suits and to improve the quality of those suits.

20  These cases delineate the benefits attendant to administrative exhaustion; however, neither case can

21  be- nor should be - read to suggest that these benefits justify a broadening of the definition of

22  "prisoner" under 1997e(h) beyond its plain meaning.

23      Further, the case cited by Plaintiff, Greig v. Goord, 169 F. 3d 165 (2nd Cir. 1999) is directly

24  on point. In Grieg, the Second Circuit held that litigants who file after they are released from

25  custody are no longer "prisoners" for purposes of  section 1997e(a), and that such litigants are not

26  required to satisfy the exhaustion requirements of the provision. (Id., at 167). The Court is

27  unpersuaded by Defendants' argument that by refraining from filing a timely grievance, a parolee

28  can circumvent the requirements of the PLRA. It is not the role of this Court to change the clear and

1    plain meaning of a statute simply to avoid such a circumstance from occurring.

2         Finally, because the Court finds that the exhaustion requirements under section 1997e(a) do

3    not apply to formerly incarcerated persons, the Court need not address defendants' further argument

4    that administrative remedies are available to parolees.

5    **IV.   Conclusion**

6         The Court finds Defendants' motion entirely without merit and accordingly, the Court

7    HEREBY RECOMMENDS that the motion to dismiss for failure to exhaust, filed October 9, 2008,

8    be DENIED.   Defendants are HEREBY ORDERED to file an answer to Plaintiff's amended

9    complaint within thirty (30) days of service of this order.

10        These Findings and Recommendations will be submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **thirty (30)**

12   **days** after being served with these Findings and Recommendations, the parties may file written

13   objections with the Court.   The document should be captioned "Objections to Magistrate Judge's

14   Findings and Recommendations."   The parties are advised that failure to file objections within the

15   specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d

16   1153 (9th Cir. 1991).

17

18        IT IS SO ORDERED.

19   **Dated:   February 17, 2009**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28